UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number:**

MARGARRETTE FRANCIS DIEUDONNE and WOULBY
DIEUDONNE, as Personal Representatives of the
ESTATE OF ISAAC PRESTON DIEUDONNE, deceased,

    Plaintiffs,

v.

OPTION ONE MORTGAGE CORPORATION,
n/k/a SAND CANYON CORPORATION; SAND CANYON
CORPORATION f/k/a OPTION ONE MORTAGE
CORPORATION (INDIA) PRIVATE LIMITED;
JP MORGAN CHASE & CO d/b/a CHASE HOME FINANCE
INC. d/b/a CHASE HOME FINANCE LLC; JP MORGAN
CHASE BANK N.A. d/b/a CHASE HOME FINANCE INC.
d/b/a CHASE HOME FINANCE LLC; CHASE HOME FINANCE
INC. d/b/a CHASE HOME FINANCE LLC; CHASE HOME
FINANCE LLC; JP MORGAN MORTGAGE ACQUISITION
CORP. 2005 OPTI ASSET BACKED PASS-THROUGH
CERTIFICATE SERIES 2005-OPTI; INVESCO LTD d/b/a
INVESCO PRIVATE CAPITAL INC. d/b/a AMERICAN
HOME MORTGAGE SERVICING INC. n/k/a WL ROSS
& CO. LLC; INVESTCO PRIVATE CAPITAL INC. d/b/a
AMERICAN HOME MORTGAGE SERVICING INC. n/k/a WL
ROSS & CO. LLC; AMERICAN HOME MORTGAGE SERVICING
INC. n/k/a WL ROSS & CO. LLC; WL ROSS & CO. LLC d/b/a
AMERICAN HOME MORTGAGE SERVICING INC; U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
STRUCTURED ASSET SECURITIES CORPORATION,
SERIES 2005-OPTI; STRUCTURED ASSET SECURITIES
CORPORATION; AURORA LOAN SERVICES LLC; FIRST
SERVICE CORPORATION d/b/a THE FRANCHISE COMPANY
d/b/a THE FRANCHISE COMPANY (U.S) INC. d/b/a
TFC-S9 INC. d/b/a FIELD ASSET SERVICES, INC.;
THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY
(U.S) INC. d/b/a TFC-S9 d/b/a FIELD ASSET SERVICES, INC.;
THE FRANCHISE COMPANY (U.S) INC; d/b/a TFC-S9 INC. d/b/a
FIELD ASSET SERVICES, INC.; TFC-S9, d/b/a FIELD
ASSET SERVICES,; FIELD ASSET SERVICES INC.; TERRA
MAR REALTY ASSOCIATES INC.; UNKNOWN DEFENDANT
No. 1 AND UNKNOWN DEFENDANT No.2

    Defendants.
_____/

# NOTICE OF REMOVAL

Defendants FIELD ASSET SERVICES, INC.; THE FRANCHISE COMPANY; FIRSTSERVICE CORPORATION; THE FRANCHISE COMPANY (U.S.) INC.; and TFC-S9 INC. (collectively, the "Removal Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court a proceeding styled, *MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased, Plaintiffs, v. OPTION ONE MORTGAGE CORPORATION, n/k/a SAND CANYON CORPORATION; OPTION ONE MORTAGE CORPORATION (INDIA) PRIVATE LIMITED; JP MORGAN CHASE & CO. d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC; JP MORGAN CHASE BANK, N.A. d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC; CHASE HOME FINANCE INC. d/b/a  CHASE HOME FINANCE LLC; CHASE HOME FINANCE LLC; JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-OPT1; INVESCO LTD d/b/a INVESCO PRIVATE CAPITAL INC. d/b/a AMERICAN HOME MORTGAGE SERVICING INC. n/k/a WL ROSS & CO. LLC; INVESCO PRIVATE CAPITAL INC. d/b/a AMERICAN HOME MORTGAGE SERVICING INC. n/k/a WL ROSS & CO. LLC;  AMERICAN HOME MORTGAGE SERVICING INC. n/k/a WL ROSS & CO. LLC; WL ROSS & CO. LLC d/b/a AMERICAN HOME MORTGAGE SERVICING INC.; U.S. BANK NATIONAL*

*ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1; STRUCTURED ASSET SECURITIES CORPORATION; AURORA LOAN SERVICES LLC; FIRST SERVICE CORPORATION d/b/a THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC. d/b/a TFC-S9 INC., d/b/a FIELD ASSET SERVICES, INC.; THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC. d/b/a TFC-S9 INC. d/b/a FIELD ASSET SERVICES INC.; THE FRANCHISE COMPANY (U.S.) INC., d/b/a TFC-S9 INC. d/b/a FIELD ASSET SERVICES, INC.; TFC-S9, d/b/a FIELD ASSET SERVICES, INC.; FIELD ASSET SERVICES, INC.; TERRA MAR REALTY ASSOCIATES, INC.; UNKNOWN DEFENDANT NO. 1; and UNKOWN DEFENDANT NO. 2, Defendants.* In support thereof, the Removal Defendants state the following:

## I.    PROCEDURAL HISTORY

1. On or about March 8, 2010, the Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE and DOULBY DIEUDONNE, commenced this action against OPTION ONE MORTGAGE CORPORATION; OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED; CHASE HOME FINANCE LLC; AMERICAN HOME MORTGAGE SERVICING, INC; FIELD ASSET SERVICES, INC.; THE FRANCHISE COMPANY; and FIRSTSERVICE CORPORATION, by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. On or about March 22, 2010, the Plaintiffs filed their First Amended Complaint, which named the following additional Defendants: U.S. BANK

NATIONAL ASSOCIATION, U.S. BANCORP, and THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1.

3.  On April 9, 2010, Defendants FIELD ASSET SERVICES, INC.; THE FRANCHISE COMPANY; and FIRSTSERVICE CORPORATION removed this action to the United States District Court for the Southern District of Florida (hereinafter "the District Court") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

4.  On June 23, 2010, the Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice as to all Defendants except OPTION ONE MORTGAGE CORPORATION and OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED (hereinafter "the Option One Defendants"), both of which had filed an answer to the First Amended Complaint.

5.  Consequently, by order dated June 24, 2010, the District Court entered an order dismissing the case without prejudice as to all of the Defendants except the Option One Defendants.

6.  On June 25, 2010, the District Court entered an order granting Plaintiffs' Motion to Remand, which went unopposed.

7.  On or about July 30, 2010, the Plaintiffs filed their Second Amended Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and added, among other Defendants, the following non-diverse Defendant: TERRA MAR REALTY ASSOCIATES, INC.

8.  Pursuant to 28 U.S.C. §1441(a), this case is properly removed to this Court because the Removal Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this

action under 28 U.S.C § 1332, notwithstanding the addition of TERRA MAR REALTY ASSOCIATES, INC, which has been fraudulently joined in an effort to divest this Court of subject-matter jurisdiction.

## II.     THE REMOVAL DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

9. The Second Amended Complaint was served upon the Removal Defendants on August 10, 2010.

10. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

11. The Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is located within the United States District Court for the Southern District of Florida. Accordingly, venue within the Southern District of Florida is proper because this district "embrac[es] the place where [the] action is pending." 28 U.S.C. § 1441(a).

12. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants in this action is attached hereto as **Composite Exhibit A**.

13. Pursuant to 28 U.S.C. § 1446(d), the Removal Defendants will promptly give written notice to the Plaintiffs and will file a copy of the Notice with the clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

14. All Defendants that have been served to date have joined in and consented to the removal of this action. *See Notices of Joinder/Consents*, attached hereto as **Composite Exhibit B**.

### III.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

#### A.     Diversity of Citizenship is Satisfied

14.     Pursuant to 28 U.S.C § 1332(c)(2), the legal representative of the Estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, for purposes of 28 U.S.C. §§ 1332 and 1441.  The Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE and DOULBY DIEUDONNE, are bringing this action as the Personal Representatives of the Estate of Isaac Preston Dieudonne.  Isaac Preston Dieudonne was a resident of the State of Florida.  Consequently, the Plaintiffs are deemed citizens of the State of Florida pursuant to 28 U.S.C. § 1332(c)(2).

15.     Pursuant to 28 U.S.C. §1332(c)(1), a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, for purposes of 28 U.S.C. §§ 1332 and 1441.

16.     FIELD ASSET SERVICES, INC., is, and was at the time the Plaintiffs commenced this action, a Texas corporation with its principal place of business in Austin, Texas.  Thus, FIELD ASSET SERVICES, INC, is a citizen of Texas pursuant to 28 U.S.C. § 1332(c)(1).

17.     THE FRANCHISE COMPANY is, and was at the time the Plaintiffs commenced this action, a Canadian corporation with its principal place of business in Ontario, Canada.  Thus, THE FRANCHISE COMPANY is citizen of Canada pursuant to 28 U.S.C. § 1332(c)(1).

18.     FIRSTSERVICE CORPORATION is, and was at the time the Plaintiffs commenced this action, a Canadian corporation with its principal place

of business in Ontario, Canada. *See Aff. of Douglas G. Cooke in Further Support of Notice of Removal*, ¶ 5, attached hereto as **Exhibit C**. Thus, FIRSTSERVICE CORPORATION is citizen of Canada pursuant to 28 U.S.C. § 1332(c)(1).

19. THE FRANCHISE COMPANY (U.S.) INC. is, and was at the time the Plaintiffs commenced this action, is a Delaware corporation with its principal place of business in Ontario, Canada. Thus, THE FRANCHISE COMPANY (U.S.) INC. is citizen of Delaware and Ontario, Canada pursuant to 28 U.S.C. § 1332 (c)(1).

20. TFC-S9, INC. is, and was at the time the Plaintiffs commenced this action, is a Delaware corporation with its principal place of business in Ontario, Canada. Thus, TFC-S9 INC. is citizen of Delaware and Ontario, Canada pursuant to 28 U.S.C. § 1332 (c)(1).

21. OPTION ONE MORTGAGE CORPORATION is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in California. Thus, OPTION ONE MORTGAGE CORPORATION is citizen of California pursuant to 28 U.S.C. § 1332(c)(1).

22. OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in Maharashira, India.

23. JP MORGAN CHASE & CO. is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in New York.

24. JP MORGAN CHASE BANK NA is, and was at the time the Plaintiffs commenced this action, a national banking association with its principal place of business in Ohio. *See Decl. of Nikki Lewis Simon in Support of Notice of Removal*, at ¶ 2, attached hereto as **Composite Exhibit D.**

25. CHASE HOME FINANCE INC. is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in Iselin, New Jersey.

26. CHASE HOME FINANCE LLC is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in Iselin, New Jersey.

27. JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-OPT1 is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in New York.

28. INVESCO LTD is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in Georgia.

29. INVESCO PRIVATE CAPITAL, INC. is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in Georgia.

30. AMERICAN HOME MORTGAGE SERVICING, INC. is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in Texas.

31. WL ROSS & CO. LLC is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in New York.

32. U.S. BANK NATIONAL ASSOCIATION is, and was at the time the Plaintiffs commenced this action, a national its principal place of business in Minneapolis.

33. THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1 is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in Texas.

34. AURORA LOAN SERVICES LLC is, and was at the time the Plaintiffs commenced this action, a foreign corporation with its principal place of business in Colorado.

35. TERRA MAR REALTY ASSOCIATES, INC. is, and was at the time the Plaintiffs commenced this action, a Florida corporation with its principal place in Miami, Florida.

### B. The Amount-in-Controversy Requirement is Satisfied

36. According to the Complaint, the matter in controversy exceeds $75,000.00, exclusive of interest and costs. *See* Complaint's *Ad Damnum* clause. (A copy of the Complaint is attached hereto as **Exhibit E**.)

37. According to the First Amended Complaint, the matter in controversy exceeds $75,000.00, exclusive of interest and costs. *See* the First Amended Complaint's *Ad Damnum* clause. (A copy of the First Amended Complaint is attached hereto as **Exhibit F**.)

### ARGUMENT AND CITATION OF AUTHORITY

Any civil case filed in a state court may be removed by a defendant to federal court if the federal court has original jurisdiction over the case. *See Ayers vs. Gen. Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Tapscott vs. MS Dealer Service Corp.*, 77 F.3d 1353, 13556 (11th Cir. 1996). Under diversity of citizenship jurisdiction, the United States District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

Plaintiffs are citizens of the State of Florida. With the exception of Terra Mar Realty Associates, Inc., Defendants are citizens of the States of Delaware, Texas, California, New York, New Jersey, Georgia, and Minnesota, as well as the countries of Canada and India, for jurisdictional purposes. *See* 28 U.S.C. 1332(c)(1). However, where there is no possibility that a plaintiff can establish a cause of action against a resident defendant, the resident defendant is deemed

to have been "fraudulently joined" and, thus, his inclusion in the complaint cannot operate to divest a federal court of diversity jurisdiction. 484 F.3d 1293, 1297 (11th Cir. 2007). Here, the Plaintiffs have filed claims for strict liability and negligence per se against Terra Mar in the Second Amended Complaint, based on Terra Mar's alleged contractual obligation to manage, maintain, occupy, control, and/or secure the property where the drowning that is the subject of this litigation (the "Property") occurred. However, at the time of the incident that is the subject of the Second Amended Complaint, Terra Mar Realty Associates, Inc, did not have any a contractual to manage, maintain, occupy, control or secure the Property or any portion thereof. *See Affidavit of Susan F. Christy*, ¶¶ 5-6, attached hereto as **Exhibit G**. Thus, there is no possibility that the Plaintiffs can establish a cause of action against Terra Mar, and, as a result,[1] there is complete diversity of citizenship. *See Indianapolis vs. Chase Nat'l Bank*, 314 U.S. 63, 86 L.Ed. 47, 62 S. Ct. 15 (1941), *reh'g denied* 314 U.S. 714, 86 L.Ed. 569, 62 S. Ct. 355; *Caterpillar, Inc. vs. Lewis*, 519 U.S. 61, 136 L.Ed.2d 437, 117 S. Ct. 467 (1996); *Rileyl vs. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Finally, as illustrated in the *Ad Damnum* clauses in the Complaint and the First Amended Complaint, the matter in controversy far exceeds the jurisdictional amount for diversity cases.

In sum, all the requirements for diversity of citizenship jurisdiction in this Court under 28 U.S.C. § 1332 have been met, and the case should be removed

---

[1] Upon information and belief, the Removal Defendants contend that other Defendants were fraudulently joined; affidavits in support of this contention will be filed under separate cover.

to federal court accordingly.  Venue is proper in the Southern District of Florida-Miami Division, in that the Circuit Court action is pending within the jurisdictional confines of this District and Division.  *See* 28 U.S.C. § 1446(a).

WHEREFORE, Defendants FIELD ASSET SERVICES, INC.; THE FRANCHISE COMPANY; FIRSTSERVICE CORPORATION; THE FRANCHISE COMPANY (U.S.) INC.; and TFC-S9 INC. respectfully remove this action, bearing case number 10-15192 CA10 from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court pursuant to 28 U.S.C. § 1441(a) and request that this action proceed in this Court as an action properly removed hereto.

Date:  September 9, 2010

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 9th day of September 2010, a true and correct copy of the foregoing has been filed and served with CM/ECF to:

**JANET E. SPENCE, ESQ.**
Counsel for Plaintiffs
1900 N. University Drive, Suite 203
Pembroke Pines, FL  33024

**ANDREW THARP, ESQ.**
Counsel for AHMS
Johnson, Leiter & Belsky, P.A.,
Blackstone Building, Third Floor
707 Southeast Third Avenue
Fort Lauderdale, FL 33316,

**WILLIAM HELLER, ESQ.**
Counsel for AHMS
Akerman Senterfitt, et al.
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL  33301

**MICHAEL FERTIG, ESQ.**
Counsel for AHMS
Akerman Senterfitt, et al.
1 SE 3rd Avenue, 28th Floor
Miami, FL  33131

**NIKKI LEWIS SIMON, ESQ.**
Counsel for Chase Home Finance
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

**C. CRAIG ELLER, ESQ.**
Counsel for Sand Canyon
Broad and Cassell
One North Clematis St., Suite 500
West Palm Beach, FL  33401

**PETER D. FELLOWS**
Co-Counsel for Plaintiff
Peter D. Fellows, P.A
99 NW 183 Street
Suite 130A
Miami, Florida 33169

Respectfully submitted,

**DEMAHY LABRADOR DRAKE PAYNE & CABEZA**
Counsel for Field Asset Services, The Franchise Company, and First Service Corporation
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
(305) 443-4850 / Fax: 305-443-5960


By: _____/s/ Jorge Padilla_____
CLINTON S. PAYNE, ESQ.
Florida Bar Number: 0044644
JORGE PADILLA, ESQ.
Florida Bar Number: 054517