IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MARGARRETTE FRANCIS DIEUDONNE,                    CASE # 10-15192 CA-01/10
AND WOULBY DIEUDONNE, as Personal
Representatives of the ESTATE OF ISAAC
PRESTON DIEUDONNE, deceased.

                Plaintiffs,

vs.

OPTION ONE MORTGAGE CORPORATION, N/K/A
SAND CANYON CORPORATION; OPTION ONE
MORTGAGE CORPORATION (INDIA) PRIVATE
LIMITED; JP MORGAN CHASE & CO D/B/A
CHASE HOME FINANCE INC. D/B/A CHASE HOME
FINANCE LLC; JP MORGAN CHASE BANK N.A. d/b/a
CHASE HOME FINANCE INC. D/B/A CHASE HOME
FINANCE LLC; CHASE HOME FINANCE INC D/B/A
CHASE HOME FINANCE LLC; CHASE HOME FINANCE
LLC; JP MORGAN MORTGAGE ACQUISITION CORP.
2005-OPT1 ASSET BACKED PASS-THROUGH
CERTIFICATE SERIES 2005-OPT1; INVESCO LTD D/B/A
INVESCO PRIVATE CAPITAL INC. D/B/A AMERICAN
HOME MORTGAGE SERVICING INC. N/K/A WL ROSS &
CO. LLC; INVESTCO PRIVATE CAPITAL INC. D/B/A
AMERICAN HOME MORTGAGE SERVICING INC N/K/A
WL ROSS & CO. LLC; AMERICAN HOME MORTGAGE
SERVICING INC. N/K/A WL ROSS & CO. LLC; WL ROSS & CO.
LLC D/B/A AMERICAN HOME MORTGAGE SERVICING INC;
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
STRUCTURED ASSET SECURITIES CORPORATION, SERIES
2005-OPT1; STRUCTURED ASSET SECURITIES CORPORATION;
AURORA LOAN SERVICES LLC; FIRST SERVICE CORPORATION
D/B/A THE FRANCHISE COMPANY D/B/A THE FRANCHISE
COMPANY (U.S.) INC. D/B/A TFC-S9 INC, D/B/A FIELD ASSET
SERVICES, INC.; THE FRANCHISE COMPANY D/B/A THE
FRANCHISE COMPANY (U.S.) INC. D/B/A TFC-S9 INC. D/B/A
FIELD ASSET SERVICES, INC.; THE FRANCHISE COMPANY
(U.S.) INC; D/B/A TFC-S9 INC. D/B/A FIELD ASSET SERVICES, INC.;
TFC-S9 INC, D/B/A FIELD ASSET SERVICES, INC.; FIELD ASSET
SERVICES, INC.; TERRA MAR REALTY ASSOCIATES INC.;
UNKNOWN DEFENDANT No.1 AND UNKNOWN DEFENDANT No. 2
                                  Defendants,

_____ \

RECEIVED AUG 1 0 2010

Ans due 8-30

## SECOND AMENDED COMPLAINT
### Strict Liability – Negligence Per Se
### Demand for Trial by Jury

**PLAINTIFFS**, MARGARRETTE FRANCIS DIEUDONNE, AND WOULBY

DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON

DIEUDONNE, deceased; by and through their undersigned attorney sues defendants,

OPTION ONE MORTGAGE CORPORATION, n/k/a SAND CANYON CORPORATION;

OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED; JP MORGAN

CHASE & CO D/B/A CHASE HOME FINANCE INC. D/B/A CHASE HOME FINANCE LLC;

JP MORGAN CHASE BANK N.A. d/b/a CHASE HOME FINANCE INC. D/B/A

CHASE HOME FINANCE INC D/B/A CHASE HOME

FINANCE LLC; CHASE HOME FINANCE LLC; CHASE HOME FINANCE LLC; JP

MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-

THROUGH CERTIFICATE SERIES 2005-OPT1; INVESCO LTD D/B/A INVESCO

PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. N/K/A

WL ROSS & CO. LLC; INVESTCO PRIVATE CAPITAL INC. d/b/a AMERICAN HOME

MORTGAGE SERVICING INC. N/K/A WL ROSS & CO. LLC; AMERICAN HOME

MORTGAGE SERVICING INC. n/k/a WL ROSS & CO. LLC; WL ROSS & CO. LLC d/b/a

AMERICAN HOME MORTGAGE SERVICING INC.; U.S. BANK NATIONAL

ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES

CORPORATION, SERIES 2005-OPT1; STRUCTURED ASSET SECURITIES

CORPORATION;  AURORA LOAN SERVICES LLC; FIRST SERVICE CORPORATION

d/b/a THE FRANCHISE COMPANY D/B/A THE FRANCHISE COMPANY (U.S.) INC d/b/a

TFC-S9 INC. d/b/a FIELD ASSET SERVICES INC.; THE FRANCHISE COMPANY d/b/a

THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET

SERVICES, INC.; THE FRANCHISE COMPANY (U.S.) INC; d/b/a TFC-S9 INC,; d/b/a FIELD

2

ASSET SERVICES, INC.; TFC-S9 INC. d/b/a FIELD ASSET SERVICES, INC.; FIELD ASSET

SERVICES, INC.; TERRA MAR REALTY ASSOCIATES INC.; UNKNOWN DEFENDANT

NO.1; UNKNOWN DEFENDANT NO. 2; AND UNKNOWN and alleges the following:

### JURISDICTION AND VENUE

1.      This is a Wrongful Death action for damages that exceeds $15,000.00

exclusive of interest and costs.

2.      At all times material hereto, Plaintiff, MARGARRETTE FRANCIS

DIEUDONNE, is the Personal Representative of the Estate of ISAAC PRESTON

DIEUDONNE, deceased; and also the surviving mother of ISAAC PRESTON

DIEUDONNE.

3.      At all times material hereto, Plaintiff, WOULBY DIEUDONNE, is the

Personal Representative of the Estate of ISAAC PRESTON DIEUDONNE, deceased;

and also the surviving father of ISAAC PRESTON DIEUDONNE.

4.      At all times material, ISAAC PRESTON DIEUDONNE was a resident of

the State of Florida in the County of Miami-Dade.  His estate is domiciled in Miami-

Dade County, Florida.

5.      Defendant, OPTION ONE MORTGAGE CORPORATION, N/K/A

SAND CANYON is a foreign corporation registered and doing business in Florida with

its principal place of business located at 6531 Irvine center Drive, Irvine California.  The

Court has personal jurisdiction over the defendant Pursuant to Florida Statute

§48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

6.      Defendant, OPTION ONE MORTGAGE CORPORATION, (INDIA)

PRIVATE LIMITED, is a foreign corporation registered and doing business in Florida

with its principal place of business located at Tower VI-Level 2and 4, Cybercity,

Magarpatta City, Hadaspar, Pune City, Maharashira, India 41101-3 OC. The Court has

personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a);

§48.193(1)(b); §48.193(1)(c) and §48.193(2).

7.     JP MORGAN CHASE & CO d/b/a CHASE HOME FINANCE INC.

D/B/A CHASE HOME FINANCE LLC is a foreign corporation registered and doing

business in Florida with its principal place of business located at 270 Park Avenue, New

York, NY 10017. The Court has personal jurisdiction over the defendant Pursuant to

Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

8.     JP MORGAN CHASE BANK NA d/b/a CHASE HOME FINANCE INC.

D/B/A CHASE HOME FINANCE LLC is a National Bank doing business in Florida

with its principal place of business located at 1 Chase Manhattan Plaza, New York, NY

10081. The Court has personal jurisdiction over the defendant Pursuant to Florida

Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

9.     Defendant CHASE HOME FINANCE INC. d/b/a CHASE HOME

FINANCE LLC is a foreign corporation doing business in Florida with its principal place

of business located at 194 Wood Avenue South, 2nd Floor, Iselin, New Jersey. The Court

has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a);

§48.193(1)(b); §48.193(1)(c) and §48.193(2).

10.     Defendant, CHASE HOME FINANCE LLC., is a foreign corporation

registered in Florida with its principal place of business located at 194 Wood Avenue

South, 2nd Floor, Iselin, New Jersey. The Court has personal jurisdiction over the

defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and

§48.193(2).

11.     Defendant, JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-OPT1 is a foreign corporation doing business in Florida as with its principal place of business located at 1 Chase Manhattan Plaza, New York, NY 10081.  The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

12.     Defendant, INVESCO LTD d/b/a INVESCO PRIVATE CAPITAL, INC d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; is a foreign corporation doing business in Florida as with its principal place of business located at 1555 Peachtree Street, NE, Suite 1800, Atlanta, GA 30309.  The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

13.     Defendant, INVESCO PRIVATE CAPITAL, INC d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; is a foreign corporation doing business in Florida with its principal place of business located at 1555 Peachtree Street, NE, Suite 1800, Atlanta, GA 303090.  The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

13.     Defendant, AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; is a foreign corporation registered and doing business in Florida with its principal place of business located at 4600 Regent Boulevard, Suite 200, Irving, Texas.  The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

14.     Defendant, WL ROSS & CO. LLC d/b/a AMERICAN HOME MORTGAGE SERVICING, INC., is a foreign corporation doing business in Florida with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036. The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

15.     Defendant, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, is a National Bank doing business in Florida with its principal place of business located at 60 Livingston Avenue, Minneapolis, 55107. The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c); and §48.193(2).

16.     Defendant, THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, is foreign corporation doing business in Florida with its principal place of business located at 4600 Regent Boulevard, Suite 200, Irving, Texas. The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

17.     AURORA LOAN SERVICES LLC is a foreign corporation doing business in Florida with its principal place of business located at 10350 Park Meadows Drive, Littleton, Co. 80124. The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c) and §48.193(2).

18.     Defendant, FIRST SERVICE CORPORATION d/b/a THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC; d/b/a TFC-S9, INC; d/b/a FIELD ASSET SERVICES, INC. is foreign corporation doing business in Florida with

its principal place of business located at 1815 Griffin Road, Dania beach Florida 33004. The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c); §48.193(1)(g) and §48.193(2).

19.     Defendant, THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC; d/b/a TFC-S9, INC; d/b/a FIELD ASSET SERVICES, INC. is foreign corporation doing business in Florida with its principal place of business located at 5397 Eglinton Avenue West, Suite 208, Etobicoke, Ontario, Canada. The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c); §48.193(1)(g) and §48.193(2).

20.     Defendant, THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9, INC; d/b/a FIELD ASSET SERVICES, INC. is a Delaware Corporation doing business in Florida with its principal place of business located at 5397 Eglinton Avenue West, Suite 208, Etobicoke, Ontario, Canada. The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c); §48.193(1)(g) and §48.193(2).

21.     Defendant, TFC-S9, INC; d/b/a FIELD ASSET SERVICES, INC. is a Delaware Corporation doing business in Florida with its principal place of business 5397 Eglinton Avenue West, Suite 208, Etobicoke, Ontario, Canada. The Court has personal jurisdiction over the defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c); §48.193(1)(g) and §48.193(2).

22.     FIELD ASSET SERVICES, INC. is a foreign corporation doing business in Florida with its principal place of business located at 101 West Louis Henna Boulevard, Suite 400, Austin, Texas. The Court has personal jurisdiction over the

defendant Pursuant to Florida Statute §48.193(1)(a); §48.193(1)(b); §48.193(1)(c); §48.193(1)(g) and §48.193(2).

23.    Defendant, TERRA MAR REALTY ASSOCIATES INC., is a Florida corporation with its principal place of business located in 8544 SW 8th Street, Miami Florida.

24.    Plaintiffs further alleged that all Defendants are jointly and severally liable to the Plaintiffs.

27.    Venue is proper in Miami-Dade County, Florida where the Estate of the Decedent is domiciled and where the personal representatives reside.

**GENERAL ALLEGATIONS**

28.    At all times material hereto, there is or was a local, state, county and/or city law, ordinance and/or code to wit: the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964. (See copy of the City of Miramar Ordinance No. 16 and the relevant portion of the 1964 Miramar Code attached hereto as Composite Exhibit A).

29.    At all times material hereto, the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964 requires that all residential property owners in the City Miramar with a swimming pool were required to have a fence around the property and/or the swimming pool and that the gates to the fence shall be of a spring hinge type and further that the gates shall have a self closing self latching locks so that the gates would be in automatic closed position at all times and that when the pool was not in use the gates shall be kept locked at all times so as to prevent the unrestrained access unto the property and the pool by toddlers and preschool age children

like ISAAC PRESTON DIEUDONNE to prevent drowning and large wrongful death lawsuits.

30.     At all times material hereto, the property located at 6730 SW 26 Street in Miramar Florida, had a pool in the rear of the property.

31.     At all times material hereto, the property located at 6730 SW 26 Street, Miramar, Florida, was individually and/or jointly owned by Defendants' OPTION ONE MORTGAGE CORPORATION, N/K/A SAND CANYON CORPORATION; OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED; JP MORGAN CHASE & CO D/B/A CHASE HOME FINANCE INC. D/B/A CHASE HOME FINANCE LLC; JP MORGAN CHASE BANK N.A. D/B/A CHASE HOME FINANCE INC. D/B/A CHASE HOME FINANCE LLC; CHASE HOME FINANCE INC d/b/a CHASE HOME FINANCE LLC.; CHASE HOME FINANCE LLC; JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-OPT1; INVESCO LTD D/B/A INVESCO PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; INVESTCO PRIVATE CAPITAL INC. d/b/a AMERICAN HOME MORTGAGE SERVICING INC. n/k/a WL ROSS & CO. LLC; AMERICAN HOME MORTGAGE SERVICING INC. n/k/a WL ROSS & CO. LLC; WL ROSS & CO. LLC d/b/a AMERICAN HOME MORTGAGE SERVICING INC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1; STRUCTURED ASSET SECURITIES CORPORATION; AURORA LOAN SERVICES LLC, and all defendants are jointly and/or severally liable.

32.     At all times material, Defendants, FIRST SERVICE CORPORATION d/b/a THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC.; THE FRANCHISE COMPANY d/b/a THE

FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES, INC.; THE FRANCHISE COMPANY (U.S.) INC; d/b/a TFC-S9 INC; d/b/a FIELD ASSET SERVICES, INC.; TFC-S9 INC. D/B/A FIELD ASSET SERVICES, INC.; FIELD ASSET SERVICES, INC., property management companies, and TERRA MAR REALTY ASSOCIATES, a real estate and property management company, are or were the agent and/or agents of the owner and/or owners of the property and had and/or have a contractual obligation to manage, maintain, occupy; control and/or secure the property, the fence , the gate and the pool, and by way of their contract with the owner and/or owners of the property, also owed a duty of care to individuals especially toddlers and children of preschool age who are not in a position to protect themselves, to protect them from unrestrained entry and/or access onto the  property, including ISAAC PRESTON DIEUDONNE, two years old, deceased, and to comply with the safety requirements of the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

**33.**    At all times material hereto, the property located at 6730 SW 26 Street in Miramar Florida was left vacant and the property and pool was left in disrepair and not properly maintained in violation of the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

**34.**    At all times material hereto, the gates to the pool and the property were not equipped with a spring hinge and did not have self-closing and self-latching locks in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**35.**    At all times material hereto, the gates to the pool and the property were left open and/or were not properly secured in violation of the City of Miramar Ordinance

No. 16 as Codified and made part of the City of Miramar Code 1964.

36.     At all times material the pool and/or the property was not in compliance with the requirements of the City of Miramar Ordinance No. 16 ad Codified and made part of the City of Miramar Code 1964 regarding swimming pool safety, maintenance and drowning prevention.

37.     On October 11, 2009, at or about 7:20 p.m., ISAAC PRESTON DIEUDONNE, 2 years old, wondered from his house located at 6740 SW 26 Street, Miramar, Florida, onto the Defendants' OPTION ONE MORTGAGE CORPORATION, N/K/A SAND CANYON CORPORATION; OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED; JP MORGAN CHASE & CO D/B/A CHASE HOME FINANCE INC. D/B/A CHASE HOME FINANCE LLC; JP MORGAN CHASE BANK N.A. D/B/A CHASE HOME FINANCE INC. D/B/A CHASE HOME FINANCE LLC; CHASE HOME FINANCE INC d/b/a CHASE HOME FINANCE LLC.; CHASE HOME FINANCE LLC; JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-OPT1; INVESCO LTD D/B/A INVESCO PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; INVESTCO PRIVATE CAPITAL INC. d/b/a AMERICAN HOME MORTGAGE SERVICING INC. n/k/a WL ROSS & CO. LLC; AMERICAN HOME MORTGAGE SERVICING INC. n/k/a WL ROSS & CO. LLC; WL ROSS & CO. LLC d/b/a AMERICAN HOME MORTGAGE SERVICING INC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1; STRUCTURED ASSET SECURITIES CORPORATION; AURORA LOAN SERVICES LLC property located at 6730 SW 26 Street, Miramar Florida, which was adjacent to his home, through an open and unlocked

fence and/or gate surrounding the Defendants property and pool, fell into the pool and drowned. (See picture of Isaac Preston Dieudonne, deceased attached hereto, as Exhibit B).

38.     All conditions precedent the filing of this law suit have been met or waived.

**COUNT 1**

**WRONGFUL DEATH - STRICT LIABILITY**

**Defendants**
**Option One Mortgage Corporation; n/k/a**
**Sand Canyon Corporation and**
**Option One Mortgage Corporation (India) Private Limited;**

39.     Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

40.     This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

41.     At all times material hereto, Defendants OPTION ONE MORTGAGE CORPORATION, N/K/A SAND CANYON CORPORATION and OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar

Code 1964.

**42.** At all times material hereto, Defendants OPTION ONE MORTGAGE CORPORATION, N/K/A SAND CANYON CORPORATION and OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

**(a)** by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

**(b)** by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See copies of pictures of the pool and fence taken the night of this incident, attached hereto as Composite Exhibit C).

**(c)** by negligently failing to warn of the swimming pool and the

13

dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)  by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe  lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

43.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

44.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)    WOULBY DIEUDONNE, his father.

45.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering;

14

loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, and pre and post judgment interest  for the wrongful death of their

**COUNT 2**

**WRONGFUL DEATH - STRICT LIABILITY**

**Defendant**
**JP Morgan Chase & Co. d/b/a Chase Home Finance Inc.**
**d/b/a Chase Home Finance LLC.**

46.     Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

47.     This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

48.     At all times material hereto, Defendant JP MORGAN CHASE & CO. d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC. had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit.  Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City

of Miramar Code Chapter 1964.

**49.**      At all times material hereto, Defendant JP MORGAN CHASE & CO. d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

**(a)**      by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

**(b)**      by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

**(c)**      by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring

16

hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)** by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

**50.** As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

**51.** At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)     MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)     WOULBY DIEUDONNE, his father.

**52.** MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE,

and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the past; present and future pain and suffering; the medical and funeral expenses, for

the wrongful death of their son.

### COUNT 3

### WRONGFUL DEATH - STRICT LIABILITY

**Defendant**
**JP Morgan Chase Bank N.A. d/b/a Chase Home Finance Inc.**
**d/b/a Chase Home Finance LLC.**

**53.**   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

**54.**   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16

through §768.27.

**55.**   At all times material hereto, Defendant JP MORGAN CHASE BANK

N.A. d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC. had

and/or have legal and/or equitable ownership interest in the property located at 6730 SW

26 Street Miramar, Florida which is the subject of this lawsuit.  Defendant, as one of the

owners of the property, also had and/or have a right to control; occupy; manage and/or

maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a

swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and

adequately maintain and/or secure the fence and gate around pool and the property

pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City

of Miramar Code Chapter 1964.

**56.**   At all times material hereto, Defendant JP MORGAN CHASE BANK

N.A. d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC

breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

      **(a)**     by failing to comply with state, county and city laws, ordinance

and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the

City of Miramar Code 1964 regarding the safety and proper maintenance of the pool,

fence, gate and property, where said laws, ordinance and/or code was designed and/or

created specifically for the protection of toddlers and preschool age children who were

not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years

old, deceased.

      **(b)**     by negligently failing to erect and/or maintain and/or secure the

proper fence and/or gate around the pool and the property to prevent the unrestrained

entry onto the property of toddlers and preschool age children who were not in a position

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in

violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City

of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their

pool and their property so the gates would automatically be in a closed position at all

times . The gates were not equipped with safe lock and they failed the keep the gates

locked at all times and when the pool was not in use.  (See Composite Exhibit C).

      **(c)**     by negligently failing to warn of the swimming pool and the

dangerous conditions created by their failure to keep the gates to the pool and the

property locked when the swimming pool was not in use and/or failing to have spring

hinge gates with a safe lock to the pool and the property and to properly secure the fence

and/or the gate to the property and pool in violation of the City of Miramar Ordinance

No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

     **57.**     As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

     **58.**     At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

      (a)     MARGARRETTE FRANCIS DIEUDONNE, his mother; and

      (b)     WOULBY DIEUDONNE, his father.

     **59.**     MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

     **WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the past; present and future pain and suffering; the medical and funeral expenses, for

the wrongful death of their son.

## COUNT 4

## WRONGFUL DEATH - STRICT LIABILITY

### Defendants
### Chase Home Finance Inc. d/b/a Chase Home Finance LLC

**60.**    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

**61.**    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16

through §768.27.

**62.**    At all times material hereto, Defendant CHASE HOME FINANCE INC d/b/a

CHASE HOME FINANCE LLC had and/or have legal and/or equitable ownership interest

in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this

lawsuit.  Defendant, as one of the owners of the property, also had and/or have a right to

control; occupy; manage and/or maintain the property located at 6730 SW 26 Street

Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty

of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and

gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as

codified and made part of the City of Miramar Code Chapter 1964.

**63.**    At all times material hereto, Defendants CHASE HOME FINANCE INC

d/b/a CHASE HOME FINANCE LLC breached their aforementioned duties and are strictly

liable to the plaintiffs as follows:

        **(a)**      by failing to comply with state, county and city laws, ordinance

and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the

City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

     **(b)**    by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

     **(c)**    by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

     **(d)**    by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not

in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    **64.**    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

    **65.**    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

        (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

        (b)    WOULBY DIEUDONNE, his father.

    **66.**    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

    **WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

## COUNT 5

## WRONGFUL DEATH - STRICT LIABILITY

### Defendant
### Chase Home Finance LLC

**67.**    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

**68.**    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**69.**    At all times material hereto, Defendant CHASE HOME FINANCE LLC had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

**70.**    At all times material hereto, Defendants CHASE HOME FINANCE LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)    by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years

24

old, deceased.

      **(b)**    by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

      **(c)**    by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**    by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

71.     As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

72.     At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

       (a)     MARGARRETTE FRANCIS DIEUDONNE, his mother; and

       (b)     WOULBY DIEUDONNE, his father.

73.     MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

### COUNT 6
### WRONGFUL DEATH - STRICT LIABILITY
#### Defendant
#### JP Morgan Mortgage Acquisition Corp 2005-POT1 Asset Backed Pass-Through Certificate Series 2005-OPT1

74.     Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

75. This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

76. At all times material hereto, Defendant JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-OPT1 had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

77. At all times material hereto, Defendants JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-OPT1 breached the aforementioned duties and are strictly liable to the plaintiffs as follows:

(a) by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

**(b)**      by negligently failing to erect and/or maintain and/or secure the

proper fence and/or gate around the pool and the property to prevent the unrestrained

entry onto the property of toddlers and preschool age children who were not in a position

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in

violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City

of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their

pool and their property so the gates would automatically be in a closed position at all

times . The gates were not equipped with safe lock and they failed the keep the gates

locked at all times and when the pool was not in use.   (See Composite Exhibit C).

**(c)**      by negligently failing to warn of the swimming pool and the

dangerous conditions created by their failure to keep the gates to the pool and the

property locked when the swimming pool was not in use and/or failing to have spring

hinge gates with a safe lock to the pool and the property and to properly secure the fence

and/or the gate to the property and pool in violation of the City of Miramar Ordinance

No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)**      by failing to eliminate the dangerous condition created by having a

pool without adequate and/or proper safety protection to prevent the unrestrained entry

unto to their property and their pool by toddlers and pre-school age children who was not

in a position to protect themselves and prevent the drowning of toddlers and preschool

age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to

the pool and the property with a safe lock, and failing to keep the gates locked when the

swimming pool was not in use, in violation of the afore mention ordinances.

**78.**      As a direct and proximate result of the Defendant's negligence as

described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

79.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

    (a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

    (b)   WOULBY DIEUDONNE, his father.

80.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

**COUNT 7**

**WRONGFUL DEATH - STRICT LIABILITY**

**Defendant**
**Invesco LTD d/b/a Invesco Private Capital, Inc. d/b/a**
**American Home Mortgage Servicing Inc. n/k/a/ WL Ross & Co. LLC**

81.   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

82.   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16

29

through §768.27.

**83.**    At all times material hereto, Defendant INVESCO LTD D/B/A INVESCO

PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a

WL ROSS & CO. LLC, had and/or have legal and/or equitable ownership interest in the

property located at 6730 SW 26 Street Miramar, Florida which is the subject of this

lawsuit.  Defendant, as one of the owners of the property, also had and/or have a right to

control; occupy; manage and/or maintain the property located at 6730 SW 26 Street

Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty

of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and

gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as

codified and made part of the City of Miramar Code Chapter 1964.

**84.**    At all times material hereto, Defendants INVESCO LTD d/b/a INVESCO

PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a

WL ROSS & CO. LLC breached their aforementioned duties and are strictly liable to the

plaintiffs as follows:

**(a)**    by failing to comply with state, county and city laws, ordinance

and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the

City of Miramar Code 1964 regarding the safety and proper maintenance of the pool,

fence, gate and property, where said laws, ordinance and/or code was designed and/or

created specifically for the protection of toddlers and preschool age children who were

not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years

old, deceased.

**(b)**    by negligently failing to erect and/or maintain and/or secure the

proper fence and/or gate around the pool and the property to prevent the unrestrained

entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.   (See Composite Exhibit C).

(c)   by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)   by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

85.   As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the

31

pool and drown.

86.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

        (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

        (b)    WOULBY DIEUDONNE, his father.

87.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

## COUNT 8
## WRONGFUL DEATH - STRICT LIABILITY
### Defendant
### Invesco Private Capital, Inc. d/b/a American Home Mortgage Servicing Inc. n/k/a/ WL Ross & Co. LLC

88.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

89.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

90.    At all times material hereto, Defendant INVESCO PRIVATE CAPITAL,

INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

91.   At all times material hereto, Defendants INVESCO PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)   by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

(b)   by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City

of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

92.     As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

93.     At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

     (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

     (b)    WOULBY DIEUDONNE, his father.

**94.**    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

    **WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

**COUNT 9**

**WRONGFUL DEATH - STRICT LIABILITY**

**Defendant**
**American Home Mortgage Servicing Inc.**
**n/k/a/ WL Ross & Co. LLC**

**95.**    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

**96.**    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**97.**    At all times material hereto, Defendant AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had

and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

98.     At all times material hereto, Defendants AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)     by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

(b)     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all

times. The gates were not equipped with a safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property so the gates would automatically be in a closed position and failing to use a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

99.     As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

100.     At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)     MARGARRETTE FRANCIS DIEUDONNE, his mother; and

37

(b)     WOULBY DIEUDONNE, his father.

101.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY

DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered

continues to suffer, and will continue to suffer mental and emotional pain and suffering;

loss of love and affection of their son and medical and funeral expenses due to the

wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE,

and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the past; present and future pain and suffering; the medical and funeral expenses, for

the wrongful death of their son.

## COUNT 10
## WRONGFUL DEATH - STRICT LIABILITY
### Defendant
### WL Ross & Co. LLC d/b/a/ American Home Financing Inc.

102.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

103.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16

through §768.27.

104.    At all times material hereto, Defendant WL ROSS & CO. LLC d/b/a

AMERICAN HOME MORTGAGE SERVICING, INC.; had and/or have legal and/or

equitable ownership interest in the property located at 6730 SW 26 Street Miramar,

Florida which is the subject of this lawsuit.  Defendant, as one of the owners of the

property, also had and/or have a right to control; occupy; manage and/or maintain the

property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

105.   At all times material hereto, Defendant WL ROSS & CO. LLC d/b/a AMERICAN HOME MORTGAGE SERVICING, INC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)   by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

(b)   by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gate would automatically be in a closed position at all times . The gates were also not equipped with a safe lock and they failed the keep the

39

gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

    **(c)**    by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

    **(d)**    by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    106.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

    107.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

    (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

    (b)    WOULBY DIEUDONNE, his father.

    108.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY

DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered

continues to suffer, and will continue to suffer mental and emotional pain and suffering;

loss of love and affection of their son and medical and funeral expenses due to the

wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE,

and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the past; present and future pain and suffering; the medical and funeral expenses, for

the wrongful death of their son.

<u>COUNT 11</u>

**<u>WRONGFUL DEATH - STRICT LIABILITY</u>**

<u>Defendant</u>
<u>US Bank National Association as Trustee for the</u>
<u>Structured Asset Securities Corporation, Series 2005-Opt1</u>

**109.**    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

**110.**    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16

through §768.27.

**111.**    At all times material hereto, Defendant U.S. BANK NATIONAL

ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES

CORPORATION, SERIES 2005-OPT1, had and/or have legal and/or equitable ownership

interest in the property located at 6730 SW 26 Street Miramar, Florida which is the

subject of this lawsuit.  Defendant, as one of the owners of the property, also had and/or

have a right to control; occupy; manage and/or maintain the property located at 6730 SW

26 Street Miramar, Florida, which contained a swimming pool.  As such, Defendant

owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

112.    At all times material hereto, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)    by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

(b)    by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that gates would automatically be in closed position at all times.  The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

(c)    by negligently failing to warn of the swimming pool and the

dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)**   by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

**113.**   As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

**114.**   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)   WOULBY DIEUDONNE, his father.

**115.**   MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering;

loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

**COUNT 12**

**WRONGFUL DEATH - STRICT LIABILITY**

**Defendant**
**Structured Asset Securities Corporation, Series 2005-Opt1**

116.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

116.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

118.    At all times material hereto, Defendant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit.  Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar

44

Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

119.    At all times material hereto, STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)    by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

(b)    by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that he gate would automatically be in a closed position at all times.  The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

(c)    by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring

hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**    by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    120.   As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

    121.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

      (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

      (b)    WOULBY DIEUDONNE, his father.

    122.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

**COUNT 13**

**WRONGFUL DEATH - STRICT LIABILITY**

**Defendant**

**Aurora Loan Services LLC**

123.     Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

124.     This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

125.     At all times material hereto, Defendant AURORA LOAN SERVICES LLC, had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit.  Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

126.     At all times material hereto, AURORA LOAN SERVICES LLC, breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)     by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

(b)     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in closed position at all times. The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a

pool without adequate and/or proper safety protection to prevent the unrestrained entry

unto to their property and their pool by toddlers and pre-school age children who was not

in a position to protect themselves and prevent the drowning of toddlers and preschool

age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to

the pool and the property with a safe lock, and failing to keep the gates locked when the

swimming pool was not in use, in violation of the afore mention ordinances.

127.   As a direct and proximate result of the Defendant's negligence as

described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants

property through an open and unlocked gate, and specifically the pool area, fall into the

pool and drown.

128.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left

the following survivors upon whose benefit this claim is made:

(a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)   WOULBY DIEUDONNE, his father.

129.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY

DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered

continues to suffer, and will continue to suffer mental and emotional pain and suffering;

loss of love and affection of their son and medical and funeral expenses due to the

wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE,

and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the past; present and future pain and suffering; the medical and funeral expenses, for

the wrongful death of their son.

## COUNT 14

## WRONGFUL DEATH - STRICT LIABILITY

### Defendant
### First Service Corporation d/b/a The Franchise Company d/b/a The Franchise Co. (U.S.) Inc. d/b/a TFC-S9 Inc. d/b/a Field Asset Services, Inc.

130.     Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

131.     This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

132.     At all times material hereto, Defendant FIRST SERVICE CORPORATION d/b/a THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

133.     At all times material hereto, Defendant FIRST SERVICE CORPORATION d/b/a THE FRANCHISE COMPANY, d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

(a)     by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the

City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

**(b)** by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all times . The gates were not equipped with a safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

**(c)** by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)** by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not

in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

134.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

135.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

      (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

      (b)    WOULBY DIEUDONNE, his father.

136.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

COUNT 15

WRONGFUL DEATH - STRICT LIABILITY

Defendant
The Franchise Company d/b/a The Franchise Co. (U.S.) Inc. d/b/a<br>TFC-S9 Inc. d/b/a Field Asset Services, Inc.

137.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

138.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

139.    At all times material hereto, Defendant THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

140.    At all times material hereto, Defendant THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

(a)    by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool,

53

fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

**(b)** by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in closed position at all times. The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

**(c)** by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)** by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool

age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

141.   As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

142.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

    (a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

    (b)   WOULBY DIEUDONNE, his father.

143.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

## COUNT 16

### WRONGFUL DEATH - STRICT LIABILITY

**Defendant**
**The Franchise Co. (U.S.) Inc. d/b/a**
**TFC-S9 Inc. d/b/a Field Asset Services, Inc.**

**144.**   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

**145.**   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**146.**   At all times material hereto, Defendant THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

**147.**   At all times material hereto, Defendant THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

**(a)**   by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or

created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

      **(b)**      by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times.  The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

      **(c)**      by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**      by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to

the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

148.   As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

149.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

      (a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

      (b)   WOULBY DIEUDONNE, his father.

150.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

## COUNT 17

## WRONGFUL DEATH - STRICT LIABILITY

### Defendant
### TFC-S9 Inc. d/b/a Field Asset Services, Inc.

**151.**   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

**152.**   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**153.**   At all times material hereto, Defendant TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

**154.**   At all times material hereto, Defendant TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

(a)      by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were

not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

**(b)**     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all times. The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

**(c)**     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe locks to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)**     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the

swimming pool was not in use, in violation of the afore mention ordinances.

155.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

156.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

>       (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

>       (b)    WOULBY DIEUDONNE, his father.

157.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

**COUNT 18**

**WRONGFUL DEATH - STRICT LIABILITY**
**Defendant**
**Field Asset Services, Inc.**

158.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

159.   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

160.   At all times material hereto, Defendant FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

161.   At all times material hereto, Defendant FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

(a)   by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code was designed and/or created specifically for the protection of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased.

(b)   by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position

62

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position when at all times. The gates were not equipped with safe lock and they failed to keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

    **(c)**    by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

    **(d)**    by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    **162.**    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

163.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)    WOULBY DIEUDONNE, his father.

164.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

## COUNT 19
### WRONGFUL DEATH - STRICT LIABILITY
#### Defendant
#### Terra Mar Realty Associates

165.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

166.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

167.    At all times material hereto, Defendant TERRA MAR REALTY

ASSOCIATES INC. as one of the agents of the owner and/or owners had and/or have a

contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or

service the fence; the gate and the property located at 6730 SW 26 Street Miramar,

Florida, which contained a swimming pool. As such, the Defendant owed a duty of care

to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate

to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as

codified and made part of the City of Miramar Code 1964.

168.    At all times material hereto, Defendant TERRA MAR REALTY

ASSOCIATES INC. breached the aforementioned duties and is strictly liable to the

plaintiffs as follows:

(a)    by failing to comply with state, county and city laws,

ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made

part of the City of Miramar Code 1964 regarding the safety and proper maintenance of

the pool, fence, gate and property, where said laws, ordinance and/or code was designed

and/or created specifically for the protection of toddlers and preschool age children who

were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two

years old, deceased.

(b)    by negligently failing to erect and/or maintain and/or secure the

proper fence and/or gate around the pool and the property to prevent the unrestrained

entry onto the property of toddlers and preschool age children who were not in a position

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in

violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City

of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their

pool and their property so that the gates would automatically be in a closed position at all time. The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

      **(c)**    by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**    by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    **169.**    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

    **170.**    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

      (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)     WOULBY DIEUDONNE, his father.

171.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

### COUNT 20

### WRONGFUL DEATH – NEGLIDENCE PER SE
### Defendants
### Option One Mortgage Corporation; n/k/a
### Sand Canyon Corporation; and
### Option One Mortgage Corporation (India) Private Limited;

172.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

173.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

174.    At all times material hereto, Defendants OPTION ONE MORTGAGE CORPORATION, N/K/A SAND CANYON CORPORATION; and OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED had and/or have legal

and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

175.   At all times material hereto, Defendants OPTION ONE MORTGAGE CORPORATION, N/K/A SAND CANYON CORPORATION; and OPTION ONE MORTGAGE CORPORATION (INDIA) PRIVATE LIMITED breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)   by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)   by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all times. The gates were not equipped with a safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See copies of pictures of the pool and fence taken the night of this incident, attached hereto as Composite Exhibit C).

      **(c)**     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    **176.**    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the

pool and drown.

177.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left

the following survivors upon whose benefit this claim is made:

(a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)   WOULBY DIEUDONNE, his father.

178.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY

DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered

continues to suffer, and will continue to suffer mental and emotional pain and suffering;

loss of love and affection of their son and medical and funeral expenses due to the

wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE,

and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the past; present and future pain and suffering; the medical and funeral expenses, and

pre and post judgment interest  for the wrongful death of their

## COUNT 21

## WRONGFUL DEATH – NEGLIGENCE PER SE

### Defendant
### JP Morgan Chase & Co. d/b/a Chase Home Finance Inc.
### d/b/a Chase Home Finance LLC.

179.   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

180.   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16

through §768.27.

181.   At all times material hereto, Defendant JP MORGAN CHASE &

COMPANY d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC. had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

182.   At all times material hereto, Defendant JP MORGAN CHASE & COMPANY d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)   by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)   by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained

entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all times.  The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

      **(c)**     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    **183.**    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the

pool and drown.

184.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)    WOULBY DIEUDONNE, his father.

185.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

## COUNT 22

### WRONGFUL DEATH – NEGLIGENCE PER SE
#### Defendant
#### JP Morgan Chase Bank N.A. d/b/a Chase Home Finance Inc.
#### d/b/a Chase Home Finance LLC.

186.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

187.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

188.    At all times material hereto, Defendant JP MORGAN CHASE BANK

N.A. d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC. had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

189. At all times material hereto, Defendant JP MORGAN CHASE BANK N.A. d/b/a CHASE HOME FINANCE INC. d/b/a CHASE HOME FINANCE LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a) by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b) by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all times.  The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

     **(c)**     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

     **(d)**     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

     **190.**     As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

191.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)   WOULBY DIEUDONNE, his father.

192.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

### COUNT 23

**WRONGFUL DEATH – NEGLIGENCE PER SE**
**Defendant**
**Chase Home Finance Inc. d/b/a Chase Home Finance LLC.**

193.   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

194.   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

195.   At all times material hereto, Defendant CHASE HOME FINANCE INC d/b/a CHASE HOME FINANCE LLC had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this

lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

196.   At all times material hereto, Defendants CHASE HOME FINANCE INC d/b/a CHASE HOME FINANCE LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)   by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)   by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their

pool and their property s that the gates would automatically be in a closed position at all times. The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

197.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

198.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)     MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)     WOULBY DIEUDONNE, his father.

199.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY

DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered

continues to suffer, and will continue to suffer mental and emotional pain and suffering;

loss of love and affection of their son and medical and funeral expenses due to the

wrongful death of their son.

    **WHEREFORE**, Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE,

and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the past; present and future pain and suffering; the medical and funeral expenses, for

the wrongful death of their son.

<u>COUNT 24</u>

**<u>WRONGFUL DEATH – NEGLIGENCE PER SE</u>**

<u>Defendant</u>
<u>Chase Home Finance LLC.</u>

200.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

201.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16

through §768.27.

202.    At all times material hereto, Defendant CHASE HOME FINANCE LLC had

and/or have legal and/or equitable ownership interest in the property located at 6730 SW

26 Street Miramar, Florida which is the subject of this lawsuit.  Defendant, as one of the

owners of the property, also had and/or have a right to control; occupy; manage and/or

maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a

swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and

adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

203.   At all times material hereto, Defendants CHASE HOME FINANCE LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)   by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)   by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all times. The gates were not equipped with a safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c)   by negligently failing to warn of the swimming pool and the

dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

204.     As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

205.     At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)     MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)     WOULBY DIEUDONNE, his father.

206.     MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering;

loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

### COUNT 25

### WRONGFUL DEATH – NEGLIGENCE PER SE

### Defendant

### JP Morgan Mortgage Acquisition Corp 2005-OPT1 Asset Backed Pass-Through Certificate Series 2005-OPT1

207.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

208.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

209.    At all times material hereto, Defendant JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THRUGH CERTIFICATE SERIES 2005-OPT1 had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as

codified and made part of the City of Miramar Code Chapter 1964.

210.    At all times material hereto, Defendants JP MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1 ASSET BACKED PASS-THRUGH CERTIFICATE SERIES 2005-OPT1 breached the aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)    by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)    by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all times. The gates were not equipped with a safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c)    by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the

property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)　　by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

211.　　As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

212.　　At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)　　MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)　　WOULBY DIEUDONNE, his father.

213.　　MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the

wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

## COUNT 26

### WRONGFUL DEATH – NEGLIGENCE PER SE

#### Defendant
#### Invesco LTD d/b/a Invesco Private Capital, Inc. d/b/a
#### American Home Mortgage Servicing Inc. n/k/a/ WL Ross & Co. LLC

**214.**   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

**215.**   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**216.**   At all times material hereto, Defendant INVESCO LTD D/B/A INVESCO PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC, had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

217. At all times material hereto, Defendants INVESCO LTD d/b/a INVESCO PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a) by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b) by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so that the gates would automatically be in a closed position at all times. The gates were not equipped with a safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c) by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring

86

hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**    by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

218.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

219.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

      (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

      (b)    WOULBY DIEUDONNE, his father.

220.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE**, Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

## COUNT 27

## WRONGFUL DEATH – NEGLIGENCE PER SE

### Defendant
### Invesco Private Capital, Inc. d/b/a American Home Mortgage Servicing Inc. n/k/a/ WL Ross & Co. LLC

221.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

222.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

223.    At all times material hereto, Defendant INVESCO PRIVATE CAPITAL, INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit.  Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

224.    At all times material hereto, Defendants INVESCO PRIVATE CAPITAL,

INC. d/b/a AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC;

breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)     by failing to comply with state, county and city laws, ordinance

and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the

City of Miramar Code 1964 regarding the safety and proper maintenance of the pool,

fence, gate and property, where said laws, ordinance and/or code established and/or

created a duty upon the owners of a residential property with a swimming in the City of

Miramar to take certain precaution to protect a particular class of people to wit: toddlers

and preschool age children like ISAAC PRESTON DIEUDONNE, two years old,

deceased, from a particular injury or type of injury, to wit: drowning.

(b)     by negligently failing to erect and/or maintain and/or secure the

proper fence and/or gate around the pool and the property to prevent the unrestrained

entry onto the property of toddlers and preschool age children who were not in a position

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in

violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City

of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their

pool and their property so the gates would automatically be in a closed position at all

times . The gates were not equipped with safe lock and they failed the keep the gates

locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the

dangerous conditions created by their failure to keep the gates to the pool and the

property locked when the swimming pool was not in use and/or failing to have spring

hinge gates with a safe lock to the pool and the property and to properly secure the fence

and/or the gate to the property and pool in violation of the City of Miramar Ordinance

No. 16 as Codified and made part of the City of Miramar Code 1964.

    **(d)**    by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    225.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

    226.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

    (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

    (b)    WOULBY DIEUDONNE, his father.

    227.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

    **WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

## COUNT 28

### WRONGFUL DEATH – NEGLIGENCE PER SE

**Defendant**
**American Home Mortgage Servicing Inc.**
**n/k/a/ WL Ross & Co. LLC**

216.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

217.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

218.    At all times material hereto, Defendant AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC; had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit.  Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

219.    At all times material hereto, Defendants AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a WL ROSS & CO. LLC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)      by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)      by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

(c)      by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

220.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

221.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)     MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)     WOULBY DIEUDONNE, his father.

222.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

## COUNT 29

### WRONGFUL DEATH – NEGLIGENCE PER SE
### Defendant
### WL Ross & Co. LLC d/b/a/ American Home Financing Inc.

223.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

224.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

225.    At all times material hereto, Defendant WL ROSS & CO. LLC d/b/a AMERICAN HOME MORTGAGE SERVICING, INC.; had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit.  Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

226.    At all times material hereto, Defendant WL ROSS & CO. LLC d/b/a AMERICAN HOME MORTGAGE SERVICING, INC breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)    by failing to comply with state, county and city laws, ordinance

and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

**(b)**     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

**(c)**     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)**     by failing to eliminate the dangerous condition created by having a

pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

227.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

228.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)    WOULBY DIEUDONNE, his father.

229.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for

the wrongful death of their son.

## COUNT 30

## WRONGFUL DEATH – NEGLIGENCE PER SE

### Defendant
### US Bank National Association as Trustee for the
### Structured Asset Securities Corporation, Series 2005-Opt1

**230.**   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

**231.**   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**232.**   At all times material hereto, Defendant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

**233.**   At all times material hereto, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

      **(a)**   by failing to comply with state, county and city laws, ordinance

and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

**(b)**     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

**(c)**     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)**     by failing to eliminate the dangerous condition created by having a

pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

234.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

235.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

    (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

    (b)    WOULBY DIEUDONNE, his father.

236.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

WHEREFORE, Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for

the wrongful death of their son.

## COUNT 31

### WRONGFUL DEATH – NEGLIGENCE PER SE

#### Defendant
#### Structured Asset Securities Corporation, Series 2005-Opt1

237.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

238.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

239.    At all times material hereto, Defendant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

240.    At all times material hereto, STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-OPT1, breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)     by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the

City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry

unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

241.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

242.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)    WOULBY DIEUDONNE, his father.

243.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

COUNT 32

WRONGFUL DEATH – NEGLIGENCE PER SE

Defendant
Aurora Loan Services LLC

244.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

245.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

246.    At all times material hereto, Defendant AURORA LOAN SERVICES LLC, had and/or have legal and/or equitable ownership interest in the property located at 6730 SW 26 Street Miramar, Florida which is the subject of this lawsuit. Defendant, as one of the owners of the property, also had and/or have a right to control; occupy; manage and/or maintain the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and gate around pool and the property pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code Chapter 1964.

247.    At all times material hereto, AURORA LOAN SERVICES LLC, breached their aforementioned duties and are strictly liable to the plaintiffs as follows:

(a)    by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of

Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b) by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

(c) by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d) by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to

the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

248.    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

249.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)    WOULBY DIEUDONNE, his father.

250.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the past; present and future pain and suffering; the medical and funeral expenses, for the wrongful death of their son.

### COUNT 33

### WRONGFUL DEATH – NEGLIGENCE PER SE

### Defendant
### First Service Corporation d/b/a The Franchise Company d/b/a The Franchise Co. (U.S.) Inc. d/b/a TFC-S9 Inc. d/b/a Field Asset Services, Inc.

**251.** Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

**252.** This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**253.** At all times material hereto, Defendant FIRST SERVICE CORPORATION d/b/a THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

**254.** At all times material hereto, Defendant FIRST SERVICE CORPORATION d/b/a THE FRANCHISE COMPANY, d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

(a) by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers

and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.   (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the

swimming pool was not in use, in violation of the afore mention ordinances.

255.   As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

256.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)   WOULBY DIEUDONNE, his father.

257.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

### COUNT 34

### WRONGFUL DEATH – NEGLIGENCE PER SE

### Defendant
### The Franchise Company d/b/a The Franchise Co. (U.S.) Inc. d/b/a
### TFC-S9 Inc. d/b/a Field Asset Services, Inc.

**258.**   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

**259.**   This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**260.**   At all times material hereto, Defendant THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

**261.**   At all times material hereto, Defendant THE FRANCHISE COMPANY d/b/a THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

       **(a)**     by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers

and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the

swimming pool was not in use, in violation of the afore mention ordinances.

262.   As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

263.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

    (a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

    (b)   WOULBY DIEUDONNE, his father.

264.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

**COUNT 35**

**WRONGFUL DEATH – NEGLIGENCE PER SE**

**Defendant**
**The Franchise Co. (U.S.) Inc. d/b/a**
**TFC-S9 Inc. d/b/a Field Asset Services, Inc.**

265. Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

266. This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

267. At all times material hereto, Defendant THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

268. At all times material hereto, Defendant THE FRANCHISE COMPANY (U.S.) INC d/b/a TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

(a) by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old,

deceased, from a particular injury or type of injury, to wit: drowning.

      **(b)**     by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

      **(c)**     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      **(d)**     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

269.     As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

270.     At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

     (a)     MARGARRETTE FRANCIS DIEUDONNE, his mother; and

     (b)     WOULBY DIEUDONNE, his father.

271.     MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

## COUNT 36
### WRONGFUL DEATH – NEGLIGENCE PER SE
#### Defendant
#### TFC-S9 Inc. d/b/a Field Asset Services, Inc.

272.     Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

273.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

274.    At all times material hereto, Defendant TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool.  As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

275.    At all times material hereto, Defendant TFC-S9 INC. D/B/A FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

(a)    by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

(b)    by negligently failing to erect and/or maintain and/or secure the

proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

(c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a self-closing, self-latching locks to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

(d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

276.    As a direct and proximate result of the Defendant's negligence as

116

described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants

property through an open and unlocked gate, and specifically the pool area, fall into the

pool and drown.

277.   At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left

the following survivors upon whose benefit this claim is made:

    (a)   MARGARRETTE FRANCIS DIEUDONNE, his mother; and

    (b)   WOULBY DIEUDONNE, his father.

278.   MARGARRETTE FRANCIS DIEUDONNE and WOULBY

DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered

continues to suffer, and will continue to suffer mental and emotional pain and suffering;

loss of love and affection of their son and medical and funeral expenses due to the

wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and

WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC

PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs

for the loss of love and affection; past; present and future pain and suffering; the medical

and funeral expenses, and any other remedies the court deems just and proper for the

wrongful death of their son.

### COUNT 37

### WRONGFUL DEATH – NEGLIGENCE PER SE

#### Defendant
#### Field Asset Services, Inc.

279.   Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein

and states as follows:

**280.**    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

**281.**    At all times material hereto, Defendant FIELD ASSET SERVICES INC. as one of the agents of the owner and/or owners had and/or have a contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or service the fence; the gate and the property located at 6730 SW 26 Street Miramar, Florida, which contained a swimming pool. As such, the Defendant owed a duty of care to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as codified and made part of the City of Miramar Code 1964.

**282.**    At all times material hereto, Defendant FIELD ASSET SERVICES INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

    **(a)**    by failing to comply with state, county and city laws, ordinance and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 regarding the safety and proper maintenance of the pool, fence, gate and property, where said laws, ordinance and/or code established and/or created a duty upon the owners of a residential property with a swimming in the City of Miramar to take certain precaution to protect a particular class of people to wit: toddlers and preschool age children like ISAAC PRESTON DIEUDONNE, two years old, deceased, from a particular injury or type of injury, to wit: drowning.

    **(b)**    by negligently failing to erect and/or maintain and/or secure the proper fence and/or gate around the pool and the property to prevent the unrestrained entry onto the property of toddlers and preschool age children who were not in a position

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their pool and their property so the gates would automatically be in a closed position at all times . The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use.  (See Composite Exhibit C).

      (c)     by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

      (d)     by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

    **283.**    As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

284.    At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

    (a)    MARGARRETTE FRANCIS DIEUDONNE, his mother; and

    (b)    WOULBY DIEUDONNE, his father.

285.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

## COUNT 38

### WRONGFUL DEATH – NEGLIGENCE PER SE

#### Defendant
#### Terra Mar Realty Associates, Inc.

286.    Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein and states as follows:

287.    This is an action pursuant to Florida's Wrongful Death Act, F.S. §768.16 through §768.27.

288.    At all times material hereto, Defendant TERRA MAR REALTY

ASSOCIATES, INC. as one of the agents of the owner and/or owners had and/or have a

contractual and/or a legal duty to exercise control over; occupy; manage; maintain and/or

service the fence; the gate and the property located at 6730 SW 26 Street Miramar,

Florida, which contained a swimming pool. As such, the Defendant owed a duty of care

to the Plaintiffs to properly and adequately maintain and/or secure the fence and the gate

to the pool and the property, pursuant to the City of Miramar Ordinance No. 16 as

codified and made part of the City of Miramar Code 1964.

     **290.**    At all times material hereto, Defendant TERRA AMR ASSOCIATES,

INC. breached the aforementioned duties and is strictly liable to the plaintiffs as follows:

     **(a)**    by failing to comply with state, county and city laws, ordinance

and/or code to wit, City of Miramar Ordinance No. 16 as Codified and made part of the

City of Miramar Code 1964 regarding the safety and proper maintenance of the pool,

fence, gate and property, where said laws, ordinance and/or code established and/or

created a duty upon the owners of a residential property with a swimming in the City of

Miramar to take certain precaution to protect a particular class of people to wit: toddlers

and preschool age children like ISAAC PRESTON DIEUDONNE, two years old,

deceased, from a particular injury or type of injury, to wit: drowning.

     **(b)**    by negligently failing to erect and/or maintain and/or secure the

proper fence and/or gate around the pool and the property to prevent the unrestrained

entry onto the property of toddlers and preschool age children who were not in a position

to protect themselves like, ISAAC PRESTON DIEUDONNE, two years old, deceased, in

violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City

of Miramar Code 1964 in that they failed to have a spring hinge gate on the fence to their

pool and their property so the gates would automatically be in a closed position at all times. The gates were not equipped with safe lock and they failed the keep the gates locked at all times and when the pool was not in use. (See Composite Exhibit C).

**(c)** by negligently failing to warn of the swimming pool and the dangerous conditions created by their failure to keep the gates to the pool and the property locked when the swimming pool was not in use and/or failing to have spring hinge gates with a safe lock to the pool and the property and to properly secure the fence and/or the gate to the property and pool in violation of the City of Miramar Ordinance No. 16 as Codified and made part of the City of Miramar Code 1964.

**(d)** by failing to eliminate the dangerous condition created by having a pool without adequate and/or proper safety protection to prevent the unrestrained entry unto to their property and their pool by toddlers and pre-school age children who was not in a position to protect themselves and prevent the drowning of toddlers and preschool age children, like ISAAC PRESTON DIEUDONNE, to wit: spring hinges on the gates to the pool and the property with a safe lock, and failing to keep the gates locked when the swimming pool was not in use, in violation of the afore mention ordinances.

**291.** As a direct and proximate result of the Defendant's negligence as described above, ISAAC PRESTON DIEUDONNE was able to enter the Defendants property through an open and unlocked gate, and specifically the pool area, fall into the pool and drown.

**292.** At the time of his death, ISAAC PRESTON DIEUDONNE, deceased, left the following survivors upon whose benefit this claim is made:

(a) MARGARRETTE FRANCIS DIEUDONNE, his mother; and

(b)     WOULBY DIEUDONNE, his father.

293.    MARGARRETTE FRANCIS DIEUDONNE and WOULBY DIEUDONNE, as surviving parents of, ISAAC PRESTON DIEUDONNE, have suffered continues to suffer, and will continue to suffer mental and emotional pain and suffering; loss of love and affection of their son and medical and funeral expenses due to the wrongful death of their son.

**WHEREFORE,** Plaintiffs, MARGARRETTE FRANCIS DIEUDONNE, and WOULBY DIEUDONNE, as Personal Representatives of the ESTATE OF ISAAC PRESTON DIEUDONNE, deceased; respectfully request judgment in favor of Plaintiffs for the loss of love and affection; past; present and future pain and suffering; the medical and funeral expenses, and any other remedies the court deems just and proper for the wrongful death of their son.

Dated this 30th day of July 2010

Respectfully Submitted,

By: _____

Janet E. Spence, Esquire
J.E. SPENCE, P.A.
1900 N. University Drive, Suite 203
Pembroke Pines, FL 33024
Phone (786)290-2093
Fax (954)441-2638
E-mail jantspence@bellsouth.net

## CERTIFICATE OF ERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Request for Production has been sent via certified return receipt mail along with the complaint to Clinton Payne, Esquire, attorney for Field Asset Services, Inc.; The Franchise Company; First Service Corporation; The Franchise Company (US) Inc and TFC-S9, Inc. at Alhambra Circle – Penthouse, 150 Alhambra Circle, Coral Gables, FL 33134 and to C. Craig Eller, Esquire, attorney for Option One Private Limited (India) and Option One n/k/a Sand Canyon Corporation at Broad & Cassel One North Clematis Street, Suite 500, West Palm beach, FL 33401 and to all other Defendants listed in this law suit along with a copy of the Complaint and Summons, this 30th day of July 2010.

Respectfully Submitted

By: _____

J.E. SPENCE, P.A.
Janet E. Spence, Esquire
**Florida Bar # 100218**
1900 N. University Drive, Suite 203
Pembroke Pines, Florida 33024
Phone (786)290-2093
Fax (954)441-2638
E-mail janetspence@bellsouth.net

AN ORDINANCE REGULATING THE SAFEGUARDING OF SWIM-
MING POOLS IN THE CITY OF MIRAMAR, FLORIDA.

WHEREAS, recent, tragic drownings in private swimming

pools have pointed to a need for safety protection, and

WHEREAS, the City Council of the City of Miramar

has made a study of those drownings in South Florida; has

made a tour of swimming pool installations; studied various

types of protective barriers, covers and alarm systems, and

WHEREAS, it is the opinion of the City Council that

safety barriers should be required to protect, particularly, the

toddler and child of preschool age; and a safety education pro-

gram should be directed at the school age children and parents

of the children, and

WHEREAS, the City Council feels that compliance with

the code hereinafter recommended would minimize the possibility

of damage suits, based on attractive nuisances and would probably

eliminate large judgments for death and injuries resulting from

unprotected pools, and

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY
OF MIRAMAR, FLORIDA:

Section 1.      That no swimming pool final inspection and

             approval shall be given by the Building De-

partment, unless there has been erected a safety barrier as

hereinafter provided.

Section 2.      The safety barrier shall take the form of a

             screened-in patio, a wooden fence, a wire fence,

a rock wall, a concrete block wall, or other materials so as to

enable the owner to blend the same with the style of architecture

planned or in existence on the property.

             The minimum height of the safety barrier shall

be not less than four feet (4').

             The safety barrier shall be erected either

around the swimming pool or around the premises on which the

EXHIBIT
Composite
A

-1-

swimming pool is erected; in either event, it shall enclose
the area entirely, prohibiting unrestrained admittance to
the enclosed area.

Gates shall be of the spring lock type, so that they
shall automatically be in a closed position at all times.

Gates shall also be equipped with a safe lock and shall
be locked when the swimming pool is not in use.

BE IT FURTHER ORDAINED:

Section 3.    That before any work is commenced, permits
shall be secured for all swimming pools and for
the safety barriers.  Plans shall contain all details necessary
to show compliance with the terms and conditions of these regula-
tions.  No swimming pool permit shall be issued unless simultane-
ously therewith a permit is secured for the erection of the re-
quired safety barrier; if the premises are already enclosed, as
hereinbefore provided, permit for the safety barrier shall not
be required, if, upon inspection of the premises, the existing
barrier is proven to be satisfactory.

Section 4.    That in the wooden type fence, the boards,
pickets, louvers, or other such members, shall
be spaced, constructed, and erected, so as to make the fence non-
climbable and impenetrable.

Walls, whether of the rock or block type, shall
be so erected to make them non-climbable.

Wire fences shall be the two inch (2") chain
link or diamond weave non-climbable type, or of an approved equal,
with top rail.  They shall be of a heavy, galvanized material.

BE IT FURTHER ORDAINED:

Section 5.    That it shall be within the discretion of the
Building Inspector to refuse approval of any
barrier which, in his opinion, does not furnish the safety re-
quirements of this regulation, i.e., that it is high enough and
so constructed, to keep the children of pre-school age from get-
ting over or through it.

BE IT FURTHER ORDAINED:

Section 6.     That the owners of swimming pools hereto-
fore constructed be required to comply with
the above safety precautions as to said existing swimming pools.

Section 7.     Any person, firm or corporation violating
any of the provisions of this Ordinance shall
be guilty of a misdemeanor, and shall, upon conviction, be
punished by a fine not exceeding Five Hundred Dollars ($500.00)
or by imprisonment not exceeding ninety (90) days or by both
such fine and imprisonment, in the discretion of the Municipal
Judge.

PASSED FIRST READING this 17th day of October, 1955.

PASSED SECOND READING this 17th day of October, 1955.

_____
Mayor

ATTEST:

_____
City Clerk

-3-

Chapter 22

## SWIMMING POOLS

### Sec. 22-1. Safety barrier required; specifications.

No swimming pool final inspection and approval shall be given by the building department, unless there has been erected a safety barrier. The safety barrier shall take the form of a screened-in patio, a wooden fence, a wire fence, a rock wall, a concrete block wall, or other materials so as to enable the owner to blend the same with the style of architecture planned or in existence on the property.

The minimum height of the safety barrier shall be not less than four feet (4').

The safety barrier shall be erected either around the swimming pool or around the premises on which the swimming pool is erected; in either event, it shall enclose the area entirely, prohibiting unrestrained admittance to the enclosed area.

Gates shall be of the spring lock type, so that they shall automatically be in a closed position at all times.

Gates shall also be equipped with a safe lock and shall be locked when the swimming pool is not in use. (Ord. No. 16, §§ 1, 2, 10-17-55)

Cross references—Issuance of building permits, Ch. 3; regulation of construction of swimming pools, Ch. 50, South Florida Building Code as adopted by section 6-2.

### Sec. 22-2. Permits required.

Before any work is commenced, permits shall be secured for all swimming pools and for the safety barriers. Plans shall contain all details necessary to show compliance with the terms and conditions of these regulations. No swimming pool permit shall be issued unless simultaneously therewith a permit is secured for the erection of the required safety barrier; if the premises are already enclosed, as hereinbefore provided, permit for the safety barrier shall not be required, if, upon inspection of the premises, the existing barrier is proven to be satisfactory. (Ord. No. 16, § 3, 10-17-55)

1941

### Sec. 22-3. Construction specifications of walls and fences.

In the wooden type fence, the boards, pickets, louvers, or other such members, shall be spaced, constructed, and erected, so as to make the fence nonclimbable and impenetrable.

Walls, whether of the rock or block type, shall be so erected to make them nonclimbable.

Wire fences shall be the two inch (2″) chain link or diamond weave nonclimbable type, or of an approved equal, with top rail. They shall be of a heavy, galvanized material. (Ord. No. 16, § 4, 10-17-55)

### Sec. 22-4. Authority to disapprove barriers.

It shall be within the discretion of the building inspector to refuse approval of any barrier which, in his opinion, does not furnish the safety requirements of this regulation, i.e., that it is high enough and so constructed, to keep the children of pre-school age from getting over or through it. (Ord. No. 16, § 5, 10-17-55)

### Sec. 22-5. Maintenance of safety barrier; duty of owner, occupant.

It shall be the responsibility of the owner and/or occupant of the premises containing the swimming pool to maintain and keep in proper and safe condition at all times the safety barrier required and erected in accordance with this chapter. (Ord. No. 241, § 1, 9-6-66)

Amendment note—Ord. No. 241, § 1, amended Ch. 22 by adding § 22-5 as set out herein.

### Sec. 22-6. Maintenance of pool; duty of owner, occupant.

It shall be the responsibility of the owner and/or occupant of the premises containing a swimming pool to keep said pool from becoming a health hazard to the community by becoming a breeding ground for mosquitoes, or by any other means. (Ord. No. 241, § 1, 9-6-66)

Amendment note—Ord. No. 241, § 1, amended Ch. 22 by adding § 22-6 as set out herein.

## Sec. 22-7. Penalty for violation of provisions; notice to owner required; assessment of costs.

Any person violating sections 22-5 or 22-6 of this chapter shall be guilty of a misdemeanor and shall, upon conviction, be punished as provided by section 1-8 of this Code in the discretion of the municipal judge. In addition to the penalties as provided in section 1-8, in the event any person owning or occupying the premises containing a swimming pool permits the safety barrier to become in an improper and unsafe condition, or permits the swimming pool to become a health hazard to the community, the city clerk may direct a letter by certified mail to the owner or occupant of such premises, advising such owner or occupant that the city will have such safety barrier put in a proper and safe condition or correct the health hazard of the swimming pool unless such owner or occupant does so within a period of ten (10) days from receipt of said letter. The city shall cause these repairs to be made in the event said owner or occupant fails to do so within the period prescribed, and the cost thereof shall be assessed against the property as a special assessment in the same manner as special assessments are authorized by the city clerk, and the procedure designated in the City Charter for enforcing the special assessment shall be utilized. (Ord. No. 241, § 1, 9-6-66)

Amendment note—Ord. No. 241, § 1, amended Ch. 22 by adding § 22-7 as set out herein.

## Sec. 22-8. Setback requirements.

The following setback requirements shall apply to swimming pools, patios, and screen enclosures:

(a) *Side.*

   (1) Patio and screen enclosure setback same as required for a building structure in the same zoning district.

   (2) Pool setback to be two (2) feet plus the required structure setback.

(b) *Rear.*

(1) Pool eight (8) feet from water edge to rear lot line.

(2) Patio and screen enclosures six (6) feet from rear lot line. (Ord. No. 68-6, § 1, 10-7-68)

Amendment note—Ord. No. 68-6, § 1, amended this Code by adding § 22-8.

**Sec. 22-9. Temporary fence to enclose swimming pools while under construction.**

No person shall construct or cause to be constructed any swimming pools unless such swimming pool is completely enclosed by a fence with a minimum height of not less than four (4) feet. Said fence may be of a temporary nature but must be erected either around the swimming pool or around the premises on which the swimming pool is under construction; in either event, it shall enclose the area entirely, prohibiting unrestrained admittance to the enclosed area. However, the swimming pool need not be completely enclosed during those periods when an adult person is present on the site and actual construction is in process. This section shall only affect those pools under construction within one hundred forty (140) feet of any residence upon which a certificate of occupancy has been issued. The one hundred forty (140) feet shall be measured from the edge of the swimming pool to the closest property line containing such residence by straight line measure. (Ord. No. 71-83, § 1, 5-8-72)

Amendment note—Ord. No. 71-83, § 1, amended this Code by adding § 22-9.

[The next page is 1995]

1944



EXHIBIT

B

tabbies











